# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KAREN MEMMOTT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE CO.,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Civil Case No. 1:13-CV-25-DB<br><br>Judge Dee Benson |

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Evelyn J. Furse on July 31, 2014, recommending that this Court: (1) grant Plaintiff's Motion for Summary Judgment; (2) deny Defendant's Motion for Summary Judgment; (3) find Defendant's interpretation and application of the "Active Work" requirement arbitrary and capricious; and (4) award benefits to Plaintiff.

The parties were notified of their right to file objections to the Report and Recommendation within fourteen (14) days after receiving it. Based upon a stipulated motion to extend the time to respond, the deadline for objections was moved to August 22, 2014. (Dkt. No. 44.) On August 22, 2014, Defendant filed its "Objection to the Magistrate's Report and Recommendations." (Dkt. No. 45.) On September 11, 2014, Plaintiff filed her "Response to Defendant's Objections to Magistrate's Report and Recommendation." (Dkt. No. 52.)

Having reviewed all relevant materials, including Defendant's objection, the record that was before the magistrate judge, and the reasoning set forth in the magistrate judge's Report and

1

Recommendation, the Court agrees with the analysis and conclusion of the magistrate judge.

Specifically the Court finds that, contrary to Defendant's objection that "Ms. Memmott's own evidence proves that Mr. Memmott was not doing anything close to his normal duties after July 30, 2012," Mr. Memmott's work from home, including assistance in closing a deal on August 2, 2012, falls squarely within his "normal duties." The Court also agrees with the magistrate judge's conclusion that Defendant's denial of coverage based on the number of hours Mr. Memmott worked per week as of August 1, 2012, lacked a reasoned process and was inconsistent with the plan. Further, based on the lack of evidence in the record supporting Defendant's decision and the conflict of interest created by Defendant serving as both the plan administrator and payer of benefits, the Court agrees with the magistrate judge's finding that Defendant's interpretation and application of the "Active Work" requirement was arbitrary and capricious.

Accordingly, the Court ADOPTS the Report and Recommendation and issues the following Order. Plaintiff's Motion for Summary Judgment is GRANTED. Defendants' Motion for Summary Judgment is DENIED. The Court finds Defendant's interpretation and application of the "Active Work" requirement arbitrary and capricious. The Court hereby awards benefits to Plaintiff.

DATED this 12th day of September, 2014.

                                             _____
                                             Dee Benson
                                             United States District Judge